IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO SAUNDERS-EL, *Petitioner*, v. COMMONWEALTH OF PENNSYLVANIA, *Respondent*. | CRIMINAL ACTION No. 19-cr-244 |

FILED
APR 30 2019
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## ORDER

**AND NOW**, this 30th day of April, 2019, upon consideration of Petitioner Antonio Saunders-El's Notice of Removal (Doc. No. 1), and the attachments thereto, it is hereby **ORDERED** that:

- The petition for removal of this state criminal prosecution to federal court is **DENIED.**[1]

---

[1] Petitioner, Antonio Saunders-El, is the defendant in a state criminal prosecution currently pending in the Court of Common Pleas of Northampton County, wherein Petitioner is charged with forgery, theft by unlawful taking, identity theft, and knowingly possessing a counterfeit access device.

On April 29, 2019, Petitioner, proceeding *pro se*, filed the instant petition, seeking to remove the case to this Court pursuant to 28 U.S.C. §§ 1443(1) and 1455. Section 1455 permits a defendant in a state criminal prosecution to petition for removal to federal court where there are grounds for such removal. In turn, § 1443(1) provides that a criminal prosecution may be removed where it is "against any person who is denied or cannot enforce in the courts of [the] State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." However, this provision only permits removal where "a state enactment governing [the defendant's] state prosecution is discriminatory on its face and is clearly in conflict with a federal right relating to racial equality." Brown-Bey v. CCP of Phila. Cnty., No. 15-cr-26, 2015 WL 9948810, at *3 (E.D. Pa. June 4, 2015) (summarily remanding criminal prosecution). It does not permit removal based solely on an "allegation of illegal or corrupt acts of individual state officials . . . , or the mere possibility of an unfair trial in state court." Id.

Here, as in Brown-Bey, Petitioner has not alleged that a *state law* governing his prosecution is facially discriminatory and in conflict with a federal right to racial equality. Rather, he merely alleges that his previous court-appointed counsel and the President Judge of the state court took various illegal or improper actions in violation of the Pennsylvania Constitution, Rules of Criminal Procedure, and Code of Judicial Conduct, as well as the Fourteenth Amendment to the United States Constitution. Because these allegations

- This matter is summarily **REMANDED** to the Court of Common Pleas of Northampton County, pursuant to 28 U.S.C. § 1455(b)(4).
- The Clerk of Court shall **CLOSE** this case.

**BY THE COURT:**

_____
MITCHELL S. GOLDBERG, J.

---

are not sufficient grounds for removal under § 1443(1), the petition will be denied and this matter summarily remanded to state court. See 28 U.S.C. § 1455(b)(4) (requiring district court to examine a notice to remove a state criminal prosecution promptly, and to "summar[il]y remand" the matter "if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted").